SANDOVAL, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 509.—Decided April 20, 1922.

RECORD OF TITLE—POSSESSORY TITLE—SEPARATE PROPERTY.—The possessory title to separate property of one of the spouses acquired before marriage, established by satisfactory documentary evidence offered in the possessory title proceeding, may be recorded in the registry although the other spouse was not a party to the proceeding.

The facts are stated in the opinion.

*Mr. F. Navarro* for the appellant.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In May, 1921, Rafael Sandoval, a married man, alleging himself to be the owner of a certain house and lot acquired prior to his marriage by purchase from Pedro Rodríguez and his wife, Francisca Cartagena, under a deed executed before notary F. Navarro Ortiz and dated August 14, 1915, instituted proceedings for a decree establishing in his favor the right of possession of the said real estate as the separate property of the said petitioner, together with an order for the record of such right in the registry of property.

In the deed referred to the petitioner appears as a single man and the notary states that he is acquainted with the parties thereto and that their personal status is known to him. This deed was introduced in evidence in the possessory proceedings and, as a part of the record of the said proceedings and together with a decree entered in accordance with the prayer of petitioner, was presented in the registry of property with request for record of such possessory right.

The endorsement reads in part as follows:

"Record of the foregoing possessory title proceeding is denied because the petitioner being a married man and the sole object of the possessory proceeding being to show a possessory title in the

petitioner, the presumption that property acquired during marriage is ganancial can not be challenged in such a proceeding where the wife is not a party, nor does the jurisdiction of the court go any further than to a declaration of the possessory title, as settled by the jurisprudence laid down by the Supreme Court of Porto Rico in the cases of Delgado v. The Registrar, 22 P. R. R. 117, and Crehore v. The Registrar, 25 P. R. R. 795.''

In addition to the cases mentioned in the preceding indorsement, the registrar in his brief also cites as authority for his action the case of *Fuentes* v. *The Registrar*, 27 P. R. R. 549.

We need not repeat here what was said in the cases so relied upon. The language there used is of course to be construed in connection with the facts involved in each instance.

A close parallel to the general trend of opinion in this court may be found in Morel, *Legislación Hipotecaria*, Vol. 5, pp. 448–472, and cases cited.

Ordinarily, as shown by these cases and those heretofore decided by this court, where the petitioner is a married man there is no claim of separate ownership, no authentic documentary evidence in support thereof and no prayer for characterization of the possession in the judicial decree. And obviously, even in the absence of a statutory provision limiting the testimony of witnesses to the fact of possession by petitioner ''in his own name and to the time of said possession,'' the self-serving declaration of such petitioner and the perfunctory statements of friendly witnesses, adduced by him without notice to or opportunity for cross-examination by the absent spouse or other interested person not a party to the proceeding, could have but little if any more probative force than, for instance, similar recitals as to the source of the purchase money in a deed to the husband. Moreover, in any event, as held in the later cases cited by the registrar, an *ex parte* proceeding of this kind is not a suit to try title

and the court has no power to pass upon or determine the question of ownership either as between the husband and wife or as between petitioner and any other third person. This necessarily follows both from the nature of the proceeding and from the express statutory provision, among others, that the decree and entry thereof in the registry of property shall be "without prejudice to third persons having a better right."

But a husband may institute the proceeding in order to establish and to place upon record the possession by the wife of her separate property. 5 Morel, p. 459. And:

"It was held by the General Directorate on March 23, 1864, that the husband may show in a single proceeding the possession of his own property, together with his wife's legal possession of the property which he holds in usufruct." 6 Galindo & Escosura, p. 264; 5 Morel, p. 459.

After an extended consideration of the nature and effect of the legal presumption as to the community character of real estate acquired as separate property by either of the spouses during marriage in the recent case of *La Sociedad Protectora de Niños* v. *Registrar of San Juan*, 29 P. R. R. 909, we said:

"A conveyance of real estate to a married woman as her separate property, with the express consent of her husband to such form of conveyance and containing other data indicative of the actual source of the purchase price, although not of such probative force as wholly to destroy the legal presumption as to the common character of the property so conveyed to the prejudice of the rights of third persons, may be recorded in this Island as what it purports to be, with a proper caution as to the defective features of the showing so made. The fact that such property is claimed by the wife as her own and admitted by the husband to belong exclusively to her is thus published to the world; and mention of the circumstance that such showing is incomplete is an effective warning to any prospective purchaser, mortgagee or other person dealing with the property that the legal presumption as to its community character has

not been wholly destroyed and may be invoked by any one entitled to the benefit thereof."

The considerations upon which the conclusion so announced was based are even more persuasive in the instant case, where, as already pointed out and as is generally understood, the record is by express statutory provision "without prejudice to third persons having a better right."

The possession by the husband or by the wife of separate as well as common property is neither unusual nor unlawful, although the true character of such possession may not be so readily established when unsupported by a written title as when such evidence is available. Indeed, the statutory limitations upon the scope of the testimony already referred to expressly provide that the statements of witnesses shall be restricted to the fact that the person instituting the proceeding holds the property *in his own name* and the time during which he may have had possession. Nor do we know of any case which goes so far as to hold that a married man may not show by satisfactory documentary evidence, or that the court may not find in a proceeding to establish a possessory title, that the possession is claimed, and, in a proper case, appears *prima facie* to be in the name of petitioner as his separate property, and not in the name of the conjugal partnership. The court in so finding does not, as suggested by the registrar, "go beyond a decree of possessory title." Establishment by judicial decree of the fact that petitioner is in possession under an apparently valid claim of separate ownership is not an adjudication upon the question of such ownership, but merely indicates the existence of the claim and the apparent nature of the possession in its superficial aspect.

The ruling appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.